FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP 30  P 4: 05

LORETTA C. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRELL JARRELL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-0242** |
| **BURL CAIN, WARDEN** | * | **SECTION: "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is hereby recommended that the instant habeas corpus application be **DENIED WITH PREJUDICE**, as procedurally barred and on the merits.

## Procedural History

Petitioner Darrell Jarrell is a state prisoner presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, where he is serving concurrent sentences

DATE OF ENTRY
OCT 0 1 2004

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

OCT 0 1 2004
DATE OF MAILING _____

of twenty years at hard labor and fifty years at hard labor without benefit of parole, probation, or suspension of sentence.[1] The sentences resulted from his conviction by a jury on August 26, 1999, of one count of criminal conspiracy to commit first degree murder, (Count I) a violation of La. R.S. 14:26 and 30, and one count of attempted first degree murder, (Count II) a violation of La. R.S. 14:27 and 30,[2] and subsequent adjudication and sentence as a second felony offender relative to Count II. Petitioner directly appealed his convictions and sentences to the Louisiana Court of Appeal, First Circuit on August 29, 2000.[3] The First Circuit affirmed the convictions and sentences and remanded the case on March 28, 2001, with instructions that the district court give Jarrell written notice of the prescriptive period for applying for post-conviction relief and to file proof that he received the notice.[4] Petitioner's application for supervisory and/or remedial writs was denied by the Louisiana Supreme Court on September 21, 2001. The court cited La. C.Cr. P. art. 930.3; **State ex rel.**

---

[1]See State Record, Vol. 3 of 4, pages 555-561 at 558. Resentencing Transcript, June 28, 2000. **State v. Jarrell**, No. 290523, Twenty-Second Judicial District Court, Parish of St. Tammany, State of Louisiana.

[2]See State Record, Vol. 1 of 4, pages 18-26. Minute Entries dated August 23, 24, and 26, 1999. Also see Verdict forms on pages 113-114.

[3]See State Record, Vol. 4 of 4, for copy of Brief. Note that the August 29, 2000, Brief was marked as being filed <u>late</u>. The issues raised were (1) the court erred by refusing petitioner's suggested jury charge on credibility of witnesses, (2) excessive sentence, and (3) the trial court failed to properly advise petitioner of the prescriptive period to file for post-conviction relief.

[4]**State v. Jarrell**, 798 So.2d 326 (Table), No. 2000-KA-1739 (La. App. 1st Cir. March 28, 2001)(unpublished opinion). A copy of the opinion is contained in the State Record, Vol. 4 of 4.

**Melinie v. State**, 665 So. 2d 1172 (La. Sept. 21, 2001).[5]  Petitioner's request for rehearing was denied on October 26, 2001.  Thus, petitioner's conviction became final on October 26, 2001, the day the Louisiana Supreme Court denied the request for reconsideration of the writs.  (See La. C.Cr. P. art. 922.)

Petitioner filed an application for post-conviction relief (PCR) in the state district court on November 30, 2001, therein raising nine claims as follows:  (1) the jury was improperly seated, (2) the bill of information was improper, (3) insufficient evidence, (4) court erred in failing to give a limiting instruction to the jury on impeachment, (5) unlawful admission of lay witness testimony concerning petitioner's state of mind and/or character, and, (6-9) ineffective assistance of counsel.  On February 13, 2002, the district court denied PCR relief and stated:

> IT IS ORDERED, that the application be denied pursuant to C.Cr.P. Art. 929[6] without further proceedings, for the following reasons;
>
> Defendant alleges in his first claim that the jury was improperly seated because of its exposure to a news article.  After the first

---

[5]**State ex rel. Darrell Jarrell v. State of Louisiana**, 797 So.2d 72, No. 2001-KH-0258 (La. Sept. 21, 2001).  Reconsideration Denied on October 26, 2001.

[6]Footnote added.
La. C.Cr. P. art. 929A. provides for summary disposition as follows:
A.  If the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court, the court may grant or deny relief without further proceedings.

day of trial, the Times Picayune published a brief article on the trial. When the Court became aware of the article, each of the jurors were questioned as to whether they had read the article. When four of the jurors acknowledged that they had seen the article, the Court conducted an in-camera interview with each juror in the presence of counsel, which appears on pages 159 to 303 of the appeal transcript numbering. One juror was released. The remaining jurors were determined to have read very little about the article and were able to fairly and impartially judge the case. The Court finds that the allegation does not serve as a basis for post-conviction relief and also denies it under Art 930.4(B) of the C.Cr.P.[7]

As to defendant's second claim regarding the orally amended bill of information, the defendant entered his plea of not guilty and the trial proceeded. This allegation does not serve as a basis for

_____

[7]Footnote added.

La. C.Cr. P. art. 930.4 provides authority for ruling on repetitive claims as follows:

A.  Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.

B.  If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief.

C.  If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

D.  A successive application may be dismissed if it fails to raise a new or different claim.

E.  A successive application may be dismissed if it raises a new or difference claim that was inexcusably omitted from a prior application.

F.  If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure. If the court finds that the failure was excusable, it shall consider the merits of the claim.

4

post conviction relief and is repetitive under Art. 930.4(B) of the C.Cr.P.

As to Claims 3, the Court finds the claim to be repetitive under C.Cr.P. 930.4(C).

As to Claim 4, the Court finds the claim has no merit and was raised on appeal.  It is thus repetitive under C.Cr.P. Art. 930.4(A).

As to Claim 5, the Court finds it to be without merit and repetitive under C.Cr.P. Art. 930.4(B) and (C).

As to claims 6 through 9, all of which allege various forms of ineffective assistance of counsel, the Court finds them to be without merit and repetitive under C.Cr.P. 930.4.  See **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (sic) Defendant has not shown that his attorney's performance was deficient or that any errors deprive the defendant of a fair trial as required under **Strickland v. Washington**.

IT IS ORDERED, that the Application for Post Conviction Relief shall be denied for the above reasons.

(See State Record, Vol. 4 of 4, Order Dismissing Application for Post-Conviction Relief, February 13, 2002, Honorable Raymond S. Childress, District Judge.)

Petitioner's application for supervisory writs was denied by the Louisiana Court of Appeal, First Circuit, case No. 2002-KW-0592.  Thereafter, petitioner applied for

supervisory and/or remedial writs with the Louisiana Supreme Court, which denied the application on October 10, 2003.[8]

        Petitioner filed his federal application for habeas corpus relief on December 26, 2003,[9] the date he signed the declaration on his petition.  He raises the following nine claims in his federal application:

> (1)  The Jury Was Improperly Seated.

> (2)  The Bill of Information Was Improper.

> (3)  Insufficient Evidence to Support the Conviction.

> (4)  The Court Failed to Give a Limiting Instruction to the Jury on the Impeachment of a State Witness.

> (5)  The Testimony of a Lay Witness Regarding Petitioner's State of Mind And/Or Character was Improper.

---

[8]**State ex rel. Darrell Jarrell v. State of Louisiana**, 855 So.2d 338,No. 2002-KH-2637 (La. Oct. 10, 2003).  A copy of the ruling is contained in the State Record, Vol. 4 of 4.

[9]See Fed. Rec. Doc. No. 1, page 7 of petition.  This December  26, 2003, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition, in this case, December 26, 2003, is presumed to be the date he delivered it to prison officials for mailing.  See **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

(6), (7), (8) & (9)  Ineffective Assistance of Counsel.

(6)  Failure to Request a Special Jury Instruction Regarding
     Andrew Mabry.

(7)  Defense Counsel Alluded to petitioner's Guilt in
     Closing Argument.

(8)  Failure to Object to Improper Remarks by the
     Prosecutor.

(9)  Failure to Let Petitioner Testify to Certain Facts
     at Trial.

Warden Burl Cain filed his memorandum in opposition to the application for
habeas corpus relief on March 31, 2004, therein arguing the claims should be dismissed
because of procedural bar, via La. C.Cr. P. art. 930.4, and/or on the merits.[10]  Warden Cain
conceded that the application was timely filed and that all of the federal issues have been
exhausted.[11]

## Facts[12]

On July 13, 1998, Solomon Washington and Andrew Mabry shot Clayton Polen
approximately ten times.  At the time of the shooting, Polen was visiting the defendant's ex-

---

[10]See Federal Rec. Doc. No. 5.

[11]**Ibid**, pages 2 and 4.

[12]The facts were taken from the unpublished opinion, of **State v. Darrell Jarrell**, No.
2000 KA 1739, (La. App. 1st Cir. March 28, 2001), after reviewing the record for accuracy.  A
copy of the opinion is contained in the State Record, Vol. 4 of 4.

wife, Elaine Jarrell (Elaine), at her home. Polen's six-year-old daughter and Elaine's six-year-old son were present. Washington and Mabry forced their way into Elaine's home, ran to Polen, and opened fire on him stating, "You're going to die tonight, m_____ f_____[.]" While repeatedly shooting Polen, the attackers taunted him, "Die, m_____ f_____, die," and, "Die, why won't you die, you son of a b_____[?]" The attackers continued shooting Polen, even after he pretended to be dead. Although Polen survived the attack, he suffered gunshot wounds to his leg, shoulder, elbow, forearm, testicles, stomach, chest (multiple wounds), and head (multiple wounds). He underwent nine surgeries following the attack. His injuries resulted in his retaining only partial use of his left hand, and he must wear a colostomy bag.

Police apprehended Washington, Mabry, and the defendant. Mabry implicated himself, Washington, and the defendant Darrell Jarrell in the attack. Mabry indicated he and Washington shot the victim, but defendant Darrell Jarrell ordered the attack and provided the two guns used in the attack. He stated that Darrell Jarrell paid Washington and Mabry $1,000 and also served as a lookout during the attack.

## **Procedural Default**

As previously explained, the Louisiana Court of Appeal, First Circuit[13] and the Louisiana Supreme Court[14] each denied petitioner's applications for supervisory and/or remedial writs on the basis of La. C.Cr. P. art. 930.4.[15] The last written opinion regarding the issues presented was rendered by the state district court in an order dated February 13, 2002.[16] The district court procedurally barred petitioner's first five claims pursuant to La. C.Cr.P. art. 930.4, and determined that claims 6 through 9, alleging ineffective assistance of counsel, were meritless pursuant to **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court also denied claims 6 through 9 as repetitive, under La. C.Cr.P. 930.4.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claims and adequate to support that judgment. **Amos v. Scott**, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), citing **Harris v. Reed**, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). This

---

[13]See **State v. Jarrell**, No. 2002-KW-0592 (La. App. 1st Cir.).

[14]See footnote No. 8 of this Report.

[15]See footnote No. 7 of this Report.

[16]See pages 3-5 of this Report.

9

"independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. **Amos**, 61 F.3d at 338. (citations omitted). As explained in **Coleman v. Thompson**, 501 U.S. 722, 730-31, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991): "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity.... Without the rule, ... habeas would offer state prisoners whose custody was supported by independent and adequate state grounds ... means to undermine the State's interest in enforcing its laws."

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court rendering a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. **Harris**, 489 U.S. at 263, 109 S.Ct. at 1043. On October 10, 2003, the Louisiana Supreme Court issued a ruling denying all of petitioner's habeas claims without comment. As previously mentioned, the last written opinion on the issues raised was written by the district court. When the last court judgment does not indicate whether it is based upon procedural default or the merits of a federal claim, the federal court will presume that the state court relied upon the same grounds as the last reasoned state court opinion. See **Ylst v. Nunnemaker**, 501 U.S. 797, at 803, 111 S.Ct. 2590, 115 L.Ed. 2d 706 (1991). Thus, this

Court finds that the last state court rendering a decision on claims 1 through 5 of petitioner's PCR application, relied upon La. C.Cr.P. art. 930.4, a state procedural bar.

A judgment resting on an independent and adequate state rule of procedural default bars federal habeas review of a federal claim if the habeas petitioner cannot show "cause" for the default and "prejudice attributed thereto", or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." **Amos**, 61 F.3d at 338-39; **Wainwright v. Sykes**, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); **Harris**, 489 U.S. at 262, 109 S.Ct. at 1043; **Engle v. Isaac**, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed. 783 (1982).

A procedural bar is "adequate" if it is applied "strictly or regularly" to the "vast majority of similar claims." **Glover v. Cain**, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998); **Amos**, 61 F.3d at 339. A state procedural rule enjoys a presumption of adequacy when the state court expressly relies upon it in deciding not to review a claim for collateral relief. **Glover**, 128 F.3d at 902. The burden is on petitioner to establish that the state's procedural bar rule was not strictly and regularly followed at the time of his direct appeal. **Martin v. Maxey**, 98 F.3d 844, 847 (5th Cir. 1996), *citing* **Sones v. Hargett**, 61 F.3d 410, 416 (5th Cir. 1995).

A state fails to strictly and regularly apply a procedural rule only when the state "clearly and unequivocally excuse[s] the procedural default." **Id.**, *citing* **Amos**, 61 F.3d at

342. Moreover, the state must fail to apply the rule to claims "identical or similar" to the petitioner's claim. **Amos**, 61 F.3d at 341. De minimis exceptions will not preclude the state from asserting the procedural default doctrine; "an occasional act of grace by a state court in excusing or disregarding the state procedural bar rule does not render the rule inadequate." **Maxey**, 98 F.3d at 848, *citing* **Amos**, 61 F.3d at 342.

Review of Louisiana jurisprudence establishes that the Louisiana courts regularly invoke the statutory procedural bar imposed under La. C.Cr. P. 930.4. Because there are adequate and independent state grounds[17] to support the ruling of the Louisiana Supreme Court with regard to all of petitioner's claims, said claims are barred unless petitioner can show "cause" for the procedural default and "actual prejudice." *See* **Coleman**, 501 U.S. at 728-29, 111 S.Ct. at 2253-54. See **Glover**, 128 F.3d at 902, *citing* **Coleman**, 501 U.S. at 750, 111 S.Ct. at 2565.

A petitioner may overcome a procedural default, whether the default was purposeful or inadvertent, if he can show cause for the default and actual prejudice as a result of the alleged violation of federal law. *See also* **Campos v. Johnson**, 958 F. Supp. 1180, 1194 (W.D. Tx. 1997).

---

[17]See **Bell v. Cain**, 2002 WL 31002831 *4 (E.D. La. August 29, 2002) finding 930.4(C) to be an adequate and independent state procedural rule. See also **Washington v. Cain**, 2000 WL 863980 (E.D. La. June 27, 2000) (La. C.Cr. P. art. 930.4 operates as an independent and adequate state ground to bar federal relief).

In this case, petitioner Jarrell has not shown "cause" for his default. Petitioner has however, raised issues of ineffective assistannce of counsel. To the extent that claims 6 through 9 allege ineffective assistance of counsel, the court will review them on the merits and as to whether any of them constitute cause for the default.

### Ineffective Assistance of Counsel - Claims 6 through 9

Petitioner claims that he was denied his right to effective assistance of counsel because: his counsel failed to request a special jury instruction, i.e. impeachment, regarding the testimony of Andrew Mabry; counsel alluded to petitioner's guilt during closing argument; counsel failed to object to the prosecutor's improper remarks; and, counsel did not allow petitioner to testify.

In **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A convicted defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See **Strickland**, 466 U.S. at 697, 104 S.Ct. at 2069. If this Court finds that petitioner has made an insufficient showing as to either of these two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. **Id.**

Petitioner carries the burden of proof and must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. <u>See</u> **Crockett v. McCotter**, 796 F.2d 787, 791 (5th Cir. 1986); **Mattheson v. King,** 751 F.2d 1432, 1441 (5th Cir. 1985). Under the deficient performance prong of the **Strickland** test, "it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" **Lockhart v. Fretwell,** 506 U.S. 364, 371, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993) (quoting **Strickland**, 466 U.S. at 690, 104 S.Ct. at 2066). "An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." **United States v. Acklen**, 47 F.3d 739, 742 (5th Cir. 1995). Petitioner must prove that the conduct of counsel fell below the constitutional minimum guaranteed by the Sixth Amendment. Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. <u>See</u> **Strickland**, 466 U.S. at 689, 104 S.Ct. at 2065.

A claim of ineffective assistance of counsel is a mixed question of law and fact. **Moore v. Cockrell**, 313 F.3d 880, 881 (5th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 969, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003). Therefore, this Court must defer to the state court unless its decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Title 28, United States Code, Section 2254(d)(1).

14

Petitioner raised his ineffective assistance of counsel claims via post conviction petition in state trial court and via writs of review in the state appellate courts. As previously mentioned, only the state trial court issued a written opinion denying relief. The appellate court and the state supreme court denied relief without comment. Therefore, it can be reasonably presumed that the state appellate court and state supreme court relied upon the same grounds as the state trial court (the last reasoned state court opinion). See **Ylst v. Nunnemaker**, 501 U.S. 797, at 803 (1991).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a comprehensive overhaul of federal habeas corpus legislation, including Title 28, United States Code, Section 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law where there has been an adjudication on the merits in State court proceedings.[18]

---

[18] Section 2254(d) provides in full:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court determinations of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference unless they were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." **Hill v. Johnson**, 210 F.3d 481, 485 (5th Cir. 2000). The United States Supreme Court has recently advised that:

> Under the "contrary to" clause, a federal habeas corpus court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

**Williams v. Taylor**, 529 U.S. 1056, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); **Hill**, 210 F.3d at 485. Questions of fact found by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it `was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" **Hill**, 210 F.3d at 485, *quoting* Title 28, United States Code, Section 2254(d)(2).

As previously mentioned, the state trial court denied claims 6 though 9 on the merits and as repetitive, pursuant to La. C.Cr.P. art. 930.4. The trial court applied the test under **Strickland v. Washington, supra,** after considering factual and legal issues and the entire record on the authority provided by La. C.Cr.P. art. 929A, summary disposition. Accordingly, this Court will review claims 6 through 9.

16

## Claim 6

Petitioner claims that his counsel was ineffective because he failed to request limiting jury instructions regarding impeachment of Andrew Mabry after counsel cross-examined and impeached Mabry, exposing contradictions and inconsistencies relative to Mabry's motives for testifying and promises of leniency provided in exchange for his testimony.[19] Mabry testified that Jarrell planned the killing of Clayton Polen, and agreed to pay $1,000.00; Jarrell supplied two guns to Mabry and Solomon Washington; acted as the look-out; and that Jarrell wanted Polen killed because he was jealous of Polen dating his ex-wife, Elaine Jarrell.[20]

Jarrell claims that his attorney impeached Mabry's testimony regarding the amount of the money offered to kill Polen as possibly being $300.00, $500.00 or $1,000.00. Mabry explained that it was hard for him to remember the amount.[21] Jarrell claims that Mabry changed his testimony relative to Jarrell's motive for having Polen shot when he was questioned about a statement given to Detective Juge that Jarrell wanted Polen killed because Polen had molested an unnamed person.[22] Other examples of Mabry's impeachment are the

---

[19]See Fed. Record, Doc. No. 1, Petition, pages 38-39. Also see State Record, Vol. 2 of 4, Trial Transcript, Testimony of Andrew Mabry, pages 426-431.

[20]State Record, Vol. 2 of 4, pages 428, 429, 431, 432 and 435.

[21]**Ibid**, pages 439-440.

[22]**Ibid,** page 442.

following:  Mabry testified that he intended to wound Polen and not kill him;[23]  that Mabry

only knew Jarrell for a few weeks before he shot Polen;[24] and, that Mabry testified that he

had no expectation concerning leniency from the state for giving his testimony.[25]   When

Mabry was specifically asked, "You don't hope to gain anything by your testimony; do you?"

he stated, "I mean, I'm testifying because I know I've done wrong and uh ... I just want ..."[26]

Review of the record shows that petitioner's trial counsel in fact, moved the

court to instruct the jury pursuant to counsel's proposed jury charge.[27]  This issue was

presented on direct appeal as assignment of error number one.  The Louisiana Court of

Appeal, First Circuit said:

> Prior to closing argument, citing State v. Washington, 407 So.2d 1138 (La.
> 1981), the defense submitted the following jury charge:
>
>> If you believe that any witness in this case has willfully and
>> deliberately testified falsely to any material fact for the purpose
>> of deceiving you, then you are justified in disregarding the entire
>> testimony of such witness as proving nothing and as not worthy
>> of belief.
>
> . . .

---

[23]**Ibid**, page 445.

[24]**Ibid,** page 447.

[25]**Ibid,** pages 449-453.

[26]**Ibid,** page 452.

[27]See State Record, Vol. 2 of 4, Transcript of Trial, pages 472-473.

We find the trial court did not err. The substance of the proposed jury charge was included in the court's jury charge concerning the jury's role to determine the weight and credibility of the evidence, which stated:

> As jurors, you alone shall determine the weight and credibility of the evidence. As the sole judges of the credibility of witnesses and the weight their testimony deserves, you should scrutinize carefully the testimony given and the circumstances under which the witness has testified.
>
> In evaluating the testimony of a witness, you may consider his or her ability and opportunity to observe and remember the matter about which he or she testified, his or her manner while testifying, any reason he or she may have for testifying in favor of or against the state or the defendant, and the extent to which his or her testimony is supported or contradicted by other evidence.

Further, the proposed jury charge would have been misleading without further explanation ...

...

Moreover, even assuming arguendo, that the trial court erred in refusing to give the proposed jury charge, any such error was harmless beyond a reasonable doubt. The refusal to give a requested special charge does not warrant the reversal of a conviction unless it prejudices substantial rights of the accused. See LSA-C.Cr.P. art. 921; **State v. Domino**, 97-0261 (La. App. 1st Cir. 2/20/98), 708 So.2d 1143. In its closing argument, the defense thoroughly discussed the inconsistencies between Mabry's in-court and out-of-court statements and argued that those inconsistencies demonstrated that Mabry had lied and his testimony was "[u]nworthy of belief, unworthy of trust." Under these circumstances, the substance of the proposed special jury charge was clearly placed before the jury by the defense closing argument and, even if the charge was erroneously refused, the defendant was not prejudiced thereby. See **Domino,**708 So.2d at 1147. Accordingly, this assignment of error is without merit.

(See **State v. Jarrell**, 798 So.2d 326 (Table) No. 2000 KA 1739 (La. App. 1ˢᵗ Cir. March 28, 2001) unpublished opinion.  A copy of the opinion is contained in the State Record, Vol. 4 of 4.)

All of the state courts reviewing this matter agreed with the trial court that petitioner failed to prove that his attorney's performance was deficient and that his attorney's performance prejudiced his defense as required under **Strickland v. Washington**, 466 U.S. at 697, 104 S.Ct. at 2069.  Accordingly, this claim is meritless, as  this Court's review of petitioner's claim shows that the state court's decision was not clearly contrary to federal law.

### Claim 7

Petitioner claims that his trial attorney provided ineffective assistance because his attorney alluded to petitioner's guilt during closing argument.  The full context of the attorney's statement is the following:

> *Mr. Polen obviously thinks Darrell's involved.*  Why? Because, well, Darrell five months before threatened him.  He said well yeah it's true, I'm angry, and what do you think Clayton Polen did?  Clayton Polen, I'm sure he told all his friends and everyone he knew, so if Clayton Polen stubbed his toe in the next ten years, all fingers would be pointed to Darrell Jarrell.
>
> *The state wants to believe that Darrell Jarrell was involved with that, in spite of the obvious guilt that everyone was going to say Darrell Jarrell had.*[28]

---

[28]See State Record, Vol. 2 of 4, page 482.

20

The respondent argues that petitioner's attorney's statement related to an argument regarding the victim's (Clayton Polen) statement. Review of the argument does not show that counsel admitted nor argued the guilt of his client, Darrell Jarrell. Petitioner has failed to show that his attorney was deficient and that he was prejudiced thereby. This claim is meritless.

### Claim 8

Petitioner claims that his trial attorney provided ineffective assistance because he failed to object to the prosecutor's improper remarks made during trial and during closing argument. Petitioner did not cite specific instances in the record where he claims that the prosecutor improperly vouched for Andrew Mabry's credibility. Specifically, petitioner claims that the prosecutor informed the jury of his belief in petitioner's guilt and of their "solemn duty ... to do the right thing."[29] The context of the argument reads:

> It's a solemn duty you have. I believe the state has proved the defendant guilty beyond, not a reasonable doubt, but all doubt. Go back and deliberate and come back and do the right think. (sic)
>
> Thank you very much.[30]

---

[29]See Federal Rec. No. 1, Memorandum in Support, page 43.

[30]See State Record, Vol. 3 of 4, page 506.

21

Review of the relevant parts of the prosecutor's rebuttal argument does not support petitioner's claim. The prosecutor was arguing what he believed the evidence had established. The argument was not improper and had an objection been raised, there appears to have been no legal basis to sustain it. The trial court charged the jury that:

> "Statements made by the attorneys at any time during trial are not evidence ... In closing arguments the attorneys were permitted to present for your consideration their contentions regarding what the evidence has shown or not shown and what conclusions they think may be drawn from the evidence.
>
> The opening statements and closing arguments are not to be considered evidence."[31]

The failure of counsel to object does not render him deficient and petitioner has failed to show that he was prejudiced thereby. See **United States v. Kimler**, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); **Sones v. Hargett**, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); **Clark v. Collins**, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.") This claim is meritless.

---

[31]See State Record, Vol. 3 of 4, pages 509-510.

## Claim 9

Petitioner claims that his attorney provided ineffective assistance by refusing to allow petitioner to testify at his trial in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner argues that his attorney tried to bring out the theory of his defense during closing argument. The defense theory was that co-defendants Solomon Washington and Andrew Mabry used petitioner as a scape-goat; counsel tried to argue the reason why petitioner was in the vicinity of the suspects' vehicle; and counsel tried to argue why petitioner was walking down the street.[32] The argument was objected to and the court sustained the objection. The court instructed counsel at side bar, ... "You just cannot say what someone would have said if they had not testified ... You just can't say what someone would have said had they taken the stand."[33] Petitioner claims that he could have testified relative to his knowledge of the facts, had counsel allowed him to testify.

Petitioner also claims that the trial record contains no evidence to support a claim that he agreed with his attorney's decision that he should not testify. The respondent asserts that the record is void of any proof of petitioner's allegation. Moreover, respondent argues that the likely reason petitioner did not testify is that he had already been convicted

---

[32]See Federal Rec., Doc. No. 1, Memorandum in Support, pages 45-46. Also see State Record. Vol. 2 of 4, pages 489-491.

[33]See State Record, Vol. 2 of 4, page 491.

of three felonies, theft and two armed robberies, which would have been devastating information for the jury to hear.[34]  Respondent further suggests that the court should not entertain this type of claim without some reasonable basis in fact.

The Fifth, Sixth, and Fourteenth Amendments of the U. S. Constitution guarantee an accused in a criminal prosecution the right to present a defense.  **Rock v. Arkansas,** 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); **Washington v. Texas**, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).  Petitioner argues that he was not allowed to testify in his own defense and that said denial was a violation of his right to a fair trial and right to testify in his own defense.  A petitioner "carries the burden of proof ... and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of profession assistance."  **Crockett v. McCotter,** 796 F.2d 787, 791 (5th Cir. 1986), cert. denied, 479 U.S. 1021, 107 S.Ct. 678, 93 L.Ed.2d 728 (1986).  Moreover, assuming that petitioner's counsel recommended that petitioner not testify, an analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  **Strickland v. Washington**, 466 U.S. at 688-89, 104 S.Ct. 2065.  Review of the record shows that petitioner's conviction was based upon strong testimony and petitioner's proposed testimony would not have changed the outcome of the trial.  This claim is meritless.

---

[34]See Federal Rec., Doc. No. 5, Memorandum in Opposition, page 14.

24

Moreover, nothing in petitioner's ineffective assistance claims 6 - 9 support a finding that petitioner's procedural default should be excused for "cause." All of petitioner's claims are meritless.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, DARRELL JARRELL be **DENIED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of September, 2004.

LOUIS MOORE, JR.
United States Magistrate Judge

25