

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN -3 PM 4: 18

LORETTA G. WHYTE
     CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL JARRELL                          CIVIL ACTION

VERSUS                                   NO. 04-0242

BURL CAIN, WARDEN                        SECTION "R" (6)

### ORDER AND REASONS

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and petitioner Darrell Jarrell's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

I. **BACKGROUND**

Petitioner Darrell Jarrell is in prison at the Louisiana State Penitentiary in Angola, Louisiana. He was indicted after Solomon Washington and Andrew Mabry shot Clayton Polen while Polen was visiting Jarrell's ex-wife at her home. Mabry implicated Jarrell in the attack, stating that Jarrell ordered the attack, paid Washington and Mabry $1,000, provided the guns

```
DATE OF ENTRY
JAN - 4 2005
```

```
___ Fee___
___ Process___
 X  Dktd___
___ CtRmDep___
___ Doc. No___
```

they used, and served as a lookout during the attack. On August 26, 1999, Jarrell was convicted of criminal conspiracy to commit first degree murder and attempted first degree murder. He was sentenced to concurrent terms of 20 and 50 years at hard labor as a second felony offender.

Jarrell appealed his convictions and sentences to the Louisiana First Circuit Court of Appeal on August 29, 2000, asserting that the trial court erred by (1) refusing Jarrell's suggested jury charge on credibility of witnesses, (2) giving him an excessive sentence, and (3) failing to advise him of the prescriptive period to file for post-conviction relief. The First Circuit affirmed Jarrell's conviction and remanded the case on March 28, 2001 with instructions that the trial court give Jarrell written notice of the period to apply for post-conviction relief and to file proof of the notice. The Supreme Court of Louisiana denied Jarrell's writ application on September 21, 2001. Jarrell's conviction became final on October 26, 2001. LA. CODE CRIM. PROC. ANN. art. 922.

Jarrell filed an application for post-conviction relief in state court on November 30, 2001, in which he asserted the following claims: 1) the jury was improperly seated, 2) the bill of information was improper, 3) the evidence was insufficient, 4) the court erred in failing to give a limiting instruction to the

jury on impeachment, 5) the court improperly admitted lay witness testimony concerning Jarrell's state of mind and/or character, and 6) counsel was ineffective because he failed to request limiting instructions on the impeachment of the state's witness, alluded to Jarrell's guilt during closing argument, failed to object to the prosecutor's improper comments during closing argument, and failed to allow Jarrell to testify.  The district court denied relief because it found that Jarrell's claims were procedurally barred as repetitive under Louisiana Code of Criminal Procedure Article 930.4,[1] either because they were fully litigated on direct appeal or because Jarrell knew about them yet

---

[1] Article 930.4 provides, in relevant part, authority for rejecting repetitive claims:
> A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.
> B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief.
> C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief . . .
> F. If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure.  If the court finds that the failure was excusable, it shall consider the merits of the claim.

LA. CODE CRIM. PROC. art. 930.4.

failed to raise them "in the proceedings leading to conviction." LA. CODE CRIM. PROC. art. 930.4. The Court also rejected Jarrell's ineffective assistance of counsel claims on the merits because Jarrell failed to show that his counsel's performance was deficient and prejudicial. The Louisiana Court of Appeal and Louisiana Supreme Court both denied Jarrell's filings for supervisory writs without stating reasons. *State v. Jarrell*, 855 So.2d 338 (La. 2003).

Jarrell then timely filed a petition for federal *habeas corpus* relief, asserting the same claims that he asserted in his application for post-conviction relief in the state court. R. Doc. No. 1 (Petition for Writ of *Habeas Corpus*) at 7. These claims were raised, rejected, and exhausted in the state courts when the Louisiana Supreme Court affirmed the trial court's decision that Jarrell's claims were procedurally barred by article 930.4 and that his ineffective assistance of counsel claims lacked merit. The magistrate judge reviewing Jarrell's federal *habeas* petition found that the Court cannot review Jarrell's claims because the state court based its rejection of the claims on an independent and adequate state ground, article 930.4, and thus the claims are procedurally defaulted in this Court. The magistrate judge also found that Jarrell has not shown cause that would excuse the procedural default, nor has he

demonstrated the merits of his claim that he was denied effective assistance of counsel. Jarrell objects to the magistrate judge's report and recommendation.[2]

## II. DISCUSSION

Generally, a federal court will not review a question of federal law decided by a state court if that decision rests on a state ground that is both independent of the federal question and adequate to support the judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995), *cert. denied*, 516 U.S. 1005 (1995). The "independent" requirement is met if the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment is independent of federal law and rests on a state procedural bar. *Id.* A procedural bar is "adequate" if it is applied "strictly or regularly" to the "vast majority of similar claims." *Id.* at 339.

Here, the Louisiana Supreme Court, the last court to rule on Jarrell's state post-conviction relief application, denied the application, stating simply: "Denied." *Jarrell*, 855 So.2d at 338. When the last judgment does not indicate whether the decision is based on a procedural default or on the merits of the

---

[2] Jarrell appears to have submitted the same document that he filed to object to the state's response to his application for state post-conviction relief. The Court will construe this submission as an objection to the magistrate judge's report.

federal claims, the federal court will presume that the state court denied relief on the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, that opinion was rendered by the state district court. The district court clearly and expressly relied on article 930.4 and its various procedural bars, so the "independent" requirement is met. Furthermore, review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke article 930.4 to bar repetitive claims, so the "adequate" requirement is met. *See Bell v. Cain*, No. Civ.A.02-0359, 2002 WL 31002831, at *4 (E.D. La. Aug. 29, 2002).

Because the state court rejected Jarrell's claims under article 930.4, and because that article is an independent and adequate state procedural rule, federal *habeas* review is barred unless Jarrell demonstrates either "cause and prejudice" for the default or that a failure to address the claims will result in a "fundamental miscarriage of justice." *Amos*, 61 F.3d at 339. To demonstrate cause, Jarrell must prove that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable and a showing that the factual or

legal basis for a claim was not reasonably available to counsel. *Id.* In addition, constitutionally ineffective assistance of counsel is cause for a procedural default. *Id.* Jarrell has asserted that he received ineffective assistance of counsel. The Court will consider whether these claims, when considered on the merits, show cause for the default.

To show that ineffective assistance of counsel was cause for the default, Jarrell must satisfy the *Strickland v. Washington* constitutional test for ineffective assistance of counsel. 466 U.S. 668 (1984). "To obtain *habeas* relief based on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient (cause prong) *and* that the deficient performance of counsel prejudiced the defendant (prejudice prong)." *Amos*, 61 F.3d at 347. If the Court finds that Jarrell has not met his burden on either prong, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697. Jarrell has the burden of proof and must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). This Court will therefore defer to the state court's decision that Jarrell was not denied effective

7

assistance of counsel unless it "was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Id.* (citing 28 U.S.C. § 2254(d)(1)).

The Court finds that Jarrell has failed to show that his counsel's performance was deficient under the first prong of *Strickland*. First, Jarrell asserts that his counsel was ineffective because he failed to request a limiting jury instruction following the impeachment of Andrew Mabry, another person allegedly involved in the murder conspiracy whose testimony implicated Jarrell. Jarrell's assertion is belied by the record, which indicates that Jarrell's counsel did in fact submit a proposed jury charge regarding how the jury should treat witness testimony that it believed was false. The substance of that proposed charge was included in the court's jury charge concerning the jury's role in determining the weight and credibility of the evidence. Jarrell's counsel submitted the proposed jury charge, and his performance was therefore not deficient as Jarrell claims.

Second, Jarrell asserts that counsel was ineffective because

he admitted Jarrell's guilt during closing argument. This assertion, too, is not borne out by the record. The context of Jarrell's counsel's argument is as follows:

> Mr. Polen obviously thinks Darrell's involved. Why? Because, well, Darrell five months before threatened him. He said well yeah it's true, I'm angry, and what do you think Clayton Polen did? Clayton Polen, I'm sure he told all his friends and everyone he knew, so if Clayton Polen stubbed his toe in the next ten years, all fingers would be pointed to Darrell Jarrell. The state wants to believe that Darrell Jarrell was involved with that, in spite of the obvious guilt that everyone was going to say Darrell Jarrell had.

(*See* State Record, Vol. 2 of 4 at 482). The Court does not find that Jarrell's counsel admitted Jarrell's guilt in this argument. Counsel was referring to other people's assumptions and beliefs, and he did not admit that Jarrell was guilty. Jarrell has failed to show that his counsel's performance was deficient.

Third, Jarrell asserts that his counsel's performance was deficient because he failed to object to improper remarks the prosecutor made during trial and during closing argument. Specifically, Jarrell contends that the prosecutor vouched for Mabry's credibility during trial and expressed his belief that Jarrell was guilty during his closing argument. Jarrell does not cite instances in the record where he claims that the prosecutor improperly vouched for Mabry's credibility, so the Court is unable to find that his counsel's performance was deficient for failing to object. Jarrell also objects to the prosecutor's

9

closing argument, which was as follows: "It's a solemn duty you have. I believe the state has proved the defendant guilty beyond, not a reasonable doubt, but all doubt. Go back and deliberate and come back and do the right think (sic)." (State Record, Vol. 3 of 4 at 506). The Court finds that the prosecutor was arguing that the evidence established Jarrell's guilt, and he did not improperly imply that he had additional knowledge or information about Jarrell's guilt that had not been disclosed to the jury. *See State v. Smith*, 554 So.2d 676 (La. 1989), *overruled on other grounds by* 669 So.2d 364 (La. 1996). The argument was not improper and provided no basis for objection, so Jarrell's counsel was not ineffective for failing to object. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim."). Jarrell has failed to show that his counsel's performance on this issue was defective.

Finally, Jarrell asserts that his counsel's performance was deficient because he refused to permit Jarrell to testify on his own behalf at trial. At closing argument, Jarrell's counsel attempted to offer an alternative explanation for why Jarrell was in the vicinity of the crime, but the court sustained the prosecutor's objection that such evidence was not before the

jury. Jarrell argues that his counsel rendered ineffective assistance because he did not allow Jarrell to testify and establish a foundation for the defense's theory. Jarrell also claims that he did not agree with the decision that he should not testify.

An accused's right to testify on his own behalf is secured by the Fifth, Sixth and Fourteenth Amendments. *Rock v. Arkansas*, 483 U.S. 44 (1987). The right is personal to the defendant and may not be waived by his counsel. *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002). When a defendant contends that his counsel interfered with his right to testify, the Court treats the claim as one for ineffective assistance of counsel and applies the *Strickland* standard.[3] *Id*. If the record indicates "simply that the defendant knew of his right to testify and wanted to do so but counsel was opposed, defendant acquiesced in his lawyer's advice, and therefore the only inquiry is whether that advice was sound trial strategy." *Id*. at 453-54. The Court is prevented from inferring that the defendant acquiesced in the

---

[3] Petitioner contends that the Court should follow language in *Jordan v. Hargett*, 34 F.3d 310, 316 n.5 (5th Cir. 1994), that rejects the proposition that the court should review a claim that counsel interfered with a defendant's right to testify as an ineffective assistance of counsel claim. But *Jordan* was later vacated, 53 F.3d 94 (1995), and the Fifth Circuit has since explicitly held that such claims should be reviewed under the ineffective assistance of counsel standard. *Mullins*, 315 F.3d at 452; *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).

11

advice not to testify from his silence before the trial court only if the record indicates that the defendant expressed a desire to testify and counsel alone prevented him from doing so. *See id.* at 455.

Here, Jarrell does not assert that he did not know of his right to testify. Moreover, nothing in the record, other than Jarrell's unsupported assertions, indicates that Jarrell made his desire to testify known to anyone besides his lawyer. Jarrell has produced no evidence, beyond his conclusory assertions, that his counsel prevented him from testifying. Thus, the Court is justified in concluding that Jarrell, by remaining silent before the trial court, accepted the advice of counsel and acquiesced in the decision that he should not testify at trial. *See id.*

The question, then, is whether Jarrell's counsel's advice that Jarrell not take the stand was deficient. The Court cannot find that Jarrell's counsel's advice fell outside the range of reasonableness prescribed by *Strickland*. *Strickland* review is highly deferential; Jarrell must "overcome a strong presumption that counsel's decision not to place him on the stand was sound trial strategy." *Sayre*, 238 F.3d at 635. As the state argues, the record demonstrates that counsel had sound strategic reasons for advising Jarrell not to testify. Had Jarrell testified, he would have been subject to cross-examination about his prior

convictions for theft and two armed robberies. The Court concludes that a reasonable attorney, considering the damaging effect that such information might have on a jury, could have decided that the potential risks of Jarrell testifying outweighed the potential benefits. Thus, the Court finds that Jarrell's counsel's performance was not deficient.

Because Jarrell's ineffective assistance counsel claims fail on the merits, they cannot serve as cause for the procedural default in state court, and the Court need not consider whether there is actual prejudice. Jarrell's claims are thus procedurally barred unless he can show that a fundamental miscarriage of justice would result. *Amos*, 61 F.3d at 339. To establish a "fundamental miscarriage of justice," Jarrell must "make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). To demonstrate actual innocence, the Fifth Circuit requires Jarrell "to show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it)." *Lucas v. Johnson*, 132 F.3d 1069, 1077 (5th Cir. 1998) (citations omitted). Here, Jarrell has not demonstrated that any miscarriage of

justice would result from application of the procedural bar to the claims at issue. The Court, having reviewed the record, finds that Jarrell could not show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Accordingly, because Jarrell's claims were rejected by the state court based on an independent and adequate state procedural rule, and because Jarrell has failed to make the requisite showings to overcome the procedural bar, this Court is barred from considering those claims in this federal *habeas corpus* proceeding.

### III. CONCLUSION

For the foregoing reasons, the Court denies petitioner Darrell Jarrel's petition for a writ of *habeas corpus* with prejudice.

New Orleans, Louisiana, this 3rd day of January, 2005.

SARAH S. VANCE
UNITED STATES DISTRICT COURT